United States District Court
Northern District of Illinois

Charles Hudson

                                 Plaintiff,

   v.

City of Chicago, a municipal corporation,
Chicago Police Officer Linas (star # 17996),
and Chicago Police Officer Brian Murphy (star # 8469),

                               Defendants.

Case Number:

Judge:

Magistrate Judge:

## Complaint at Law

Plaintiff Charles Hudson, by and through his attorneys, Burke Wise Morrissey Kaveny, LLC, complains against Defendants, City of Chicago, a municipal corporation, and Chicago Police Officers Linas (star # 17996) and Brian Murphy (star # 8469) as follows.

### Introduction

1.  This action arises out of the false arrest and malicious prosecution of Charles Hudson by Defendant City of Chicago's police officers, including, but not limited to Officer Linas and Officer Murphy, and is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2.  This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1343 and over Plaintiff's state-law claim pursuant to 28 U.S.C. § 1367.

3.  Venue is proper because upon information and belief, the individual defendants reside in this district and the City of Chicago is a municipal corporation within this district. Moreover, all of the events giving rise to the claims asserted herein occurred within this district.

## Parties

4. Plaintiff Charles Hudson is a resident of the City of Chicago, Cook County, Illinois.

5. Defendant City of Chicago is an Illinois municipal corporation that operates the Chicago Police Department.

6. At all times relevant, Defendant City of Chicago was the employer of Chicago Police Officers, including, but not limited to Officers Linas and Murphy.

7. Upon information and belief, Defendant Linas (star # 17996) is a resident of the City of Chicago, Cook County, Illinois.

8. Upon information and belief, Defendant Murphy (star #8469) is a resident of the City of Chicago, Cook County, Illinois.

## Factual Allegations

9. In the late evening of August 26, 2012 or the early morning hours of August 27, 2012, Plaintiff Charles Hudson was working security at a bar in Chicago.

10. At that time and place, a patron of the bar had a gun on his person.

11. At that time and place, Plaintiff Charles Hudson recovered the gun from the patron and stored the gun for the patron behind the bar.

12. The patron left without collecting his gun.

13. On August 27, 2012, at 1200 hours, Plaintiff Charles Hudson was driving westbound on Lawrence Ave., Chicago, Cook County, Illinois.

14. On August 27, 2012 at 1200 hours, Plaintiff Charles Hudson had the gun in a black duffel bag under the backseat behind the driver seat.

15. On August 27, 2012 at 1200 hours, Plaintiff Charles Hudson was on his way to the Chicago Police Department to turn in the gun which had been left at the bar.

16. On August 27, 2012 at 1200 hours, while Plaintiff Charles Hudson was driving westbound on Lawrence Avenue, Officers Linas and Murphy, with other Chicago Police Officers curbed Plaintiff's vehicle.

17. At that time and place, no probable cause existed to curb Plaintiff Hudson's vehicle.

18. When Plaintiff's vehicle was curbed, Plaintiff Hudson had not violated any traffic rules or regulations.

19. When Plaintiff's vehicle was curbed, Plaintiff had not committed a traffic violation which would have permitted a Chicago Police Officer to arrest Plaintiff.

20. Once Plaintiff's vehicle was curbed by the Chicago Police Department, Plaintiff was not free to leave.

21. At that time and place, Plaintiff was under arrest.

22. When Plaintiff's vehicle was curbed, Officer Linas removed Plaintiff Hudson from the vehicle at gun point.

23. Plaintiff Hudson was ordered to lay on the pavement, in the street, face down with his hands behind his back.

24. At this time and place, Plaintiff Hudson was not free to leave.

25. At this time and place, Plaintiff Hudson was under arrest.

26. Defendant Officer Linas and Defendant Officer Murphy imprisoned and arrested Plaintiff.

27. At no time did Plaintiff Hudson consent to a search of his vehicle.

28. While Plaintiff's vehicle was curbed on Lawrence Avenue, Defendant Officer Linas did not see a gun in Plaintiff's vehicle.

29. While Plaintiff's vehicle was curbed on Lawrence Avenue, Defendant Officer Murphy did not see a gun in Plaintiff's vehicle.

30. While Plaintiff's vehicle was curbed on Lawrence Avenue, no Chicago Police Officer saw a gun in Plaintiff's vehicle.

31. At no time was the gun in Plaintiff Hudson's vehicle visible to anyone standing outside of his vehicle.

32. At no time was the gun in Plaintiff Hudson's vehicle in plain view.

33. On August 27, 2012, Plaintiff Hudson was arrested and imprisoned by City of Chicago Police Officers working within the scope of their employment.

34. On August 27, 2012, Plaintiff Hudson was arrested and imprisoned by Defendant Officer Linas, who was acting within the scope of his employment with the City of Chicago.

35. On August 27, 2012, Plaintiff Hudson was arrested and imprisoned by Defendant Officer Murphy, who was acting within the scope of his employment with the City of Chicago.

36. On November 7, 2013, Defendant Officer Linas testified falsely at a Motion to Quash Arrest and Suppress Evidence.

37. On November 7, 2013, Defendant Officer Murphy testified falsely at a Motion to Quash Arrest and Suppress Evidence.

38. On November 8, 2013, the Motion to Quash Arrest and Suppress Evidence was granted.

39. On December 12, 2013, the Cook County State's Attorney made a motion to nolle prosequi the case pending against Plaintiff Charles Hudson, which was granted.

## COUNT I
## 42 USC § 1983 False Arrest

40. Each of the foregoing paragraphs is incorporated as if fully restated herein.

41. As described in the preceding paragraphs, the conduct of the Chicago Police Officers, including Officers Linas and Murphy, acting under color of law, constituted false arrest and imprisonment in violation of the United States Constitution.

42. At the time that Plaintiff Hudson was detained, arrested and imprisoned, the Chicago Police Officers, including Officers Linas and Murphy, knew that they lacked reasonable grounds to believe that Plaintiff Hudson had committed a crime.

43. At the time that Plaintiff Hudson was detained, arrested and imprisoned, the Chicago Police Officers, including Officers Linas and Murphy, knew that they lacked reasonable grounds to believe that Plaintiff Hudson was committing a crime.

44. At the time that Plaintiff Hudson was detained, arrested and imprisoned, the Chicago Police Officers, including Officers Linas and Murphy, knew that they lacked reasonable grounds to believe that Plaintiff Hudson was about to commit a crime.

45. The conduct of the Chicago Police Officers, including Officers Linas and Murphy, described above was willful and wanton.

46. As a direct and proximate result of his false arrest and false imprisonment, Plaintiff Hudson was incarcerated and suffered severe and permanent injuries of a personal and pecuniary nature, including but not limited to physical pain, mental suffering and emotional distress.

47. The wrongful conduct of the Chicago Police Officers, including Officers Linas and Murphy, as described above, proximately and directly caused Plaintiff's injuries and

damages, including but not the wrongful incarceration, physical pain, mental suffering and emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant City of Chicago and Defendants Linas and Murphy and award him compensatory damages, attorneys' fees and costs pursuant to 42 U.S.C. **§** 1983, along with punitive damages against Defendants Linas and Murphy in their individual capacity, as well as any other relief this court deems just and appropriate.

## COUNT II
### Malicious Prosecution – State Law Claim

48. Plaintiff hereby incorporates and references paragraphs 1 through 47 of Count I of this Complaint as Paragraphs 1-47 of this Count II.

49. The criminal case against Plaintiff Charles Hudson was commenced and continued based upon false information provided to prosecutors by Chicago Police Officers, including but not limited to Officers Linas and Murphy.

50. At the time the criminal complaint was filed and the criminal case commenced against Plaintiff Charles Hudson, Defendant City of Chicago and its police officer agents, including Defendants Linas and Murphy lacked probable cause to commence the criminal proceeding.

51. Once the criminal case was commenced, Defendant City of Chicago and its police officer agents, including Defendants Linas and Murphy lacked probable cause to participate in the criminal prosecution.

52. Defendant City of Chicago, and its police officer agents knew the Cook County State's Attorney's Office relied upon the officer's testimony as the only evidence available to prosecute Plaintiff Charles Hudson.

53. Defendant City of Chicago, and its police officer agents provided false information to the Cook County State's Attorney's Office from August 27, 2012 through November 7, 2013.

54. In initiating and participating in the criminal prosecution, Defendant City of Chicago and its police officer agents, including Defendants Linas and Murphy acted with malice towards Charles Hudson.

55. As a direct and proximate result of the malicious prosecution of the criminal case, Plaintiff Charles Hudson has suffered injuries, including emotional distress and mental suffering.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant City of Chicago and Defendants Linas and Murphy and award him compensatory damages, attorneys' fees and costs pursuant to 42 U.S.C. **§** 1983, along with punitive damages against Defendants Linas and Murphy in their individual capacity, as well as any other relief this court deems just and appropriate.

## COUNT III
### Intentional Infliction of Emotional Distress – State Law Claim

56. Plaintiff hereby incorporates and references paragraphs 1 through 55 of Count II of this Complaint as paragraphs 1 through 55 of this Count III.

57. The conduct described above of Defendant City of Chicago and its police officer agents, including Defendants Linas and Murphy, was extreme and outrageous and went beyond all bounds of human decency.

58. At the time Defendant City of Chicago and its police officer agents, including Defendants Linas and Murphy participated in the extreme and outrageous conduct described above, they intended to inflict severe emotional distress upon Charles Hudson or knew that there was a high probability that the conduct would do so.

59. As a direct and proximate result of the extreme and outrageous conduct of presenting false information to the prosecuting attorneys from August 27, 2012 through November 7, 2013, and as further described above, Plaintiff Charles Hudson suffered extreme and outrageous distress which continues to this day.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant City of Chicago and Defendants Linas and Murphy and award him compensatory damages, attorneys' fees and costs pursuant to 42 U.S.C. § 1983, along with punitive damages against Defendants Linas and Murphy in their individual capacity, as well as any other relief this court deems just and appropriate.

## COUNT IV
### Respondeat Superior

60. Plaintiff hereby incorporates and references paragraphs 1 through 59 of Count III of this Complaint as paragraphs 1 through 59 of this Count IV.

61. In committing the acts alleged in the preceding paragraphs, all police officers were members of, and agents of, the Chicago Police Department and City of Chicago, acting at all relevant times within the scope of their employment.

62. Defendant City of Chicago is liable as principals for all torts committed by its agents.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant City of Chicago and Defendants Linas and Murphy and award him compensatory damages, attorneys' fees and costs pursuant to 42 U.S.C. § 1983, along with

punitive damages against Defendants Linas and Murphy in their individual capacity, as well as any other relief this court deems just and appropriate.

### COUNT V
### Indemnification

63. Plaintiff hereby incorporates and references paragraphs 1 through 62 of Count IV of this Complaint as paragraphs 1 through 62 of this Count V.

64. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

65. All Chicago Police Officers were employed by the City of Chicago and were acting within the scope of their employment in committing the misconduct described herein.

66. Defendant Officer Linas is or was an employee of the City of Chicago, who acted within the scope of his employment in committing the misconduct described herein.

67. Defendant Officer Murphy is or was an employee of the City of Chicago, who acted within the scope of his employment in committing the misconduct described herein.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant City of Chicago and Defendants Linas and Murphy and award him compensatory damages, attorneys' fees and costs pursuant to 42 U.S.C. § 1983, along with punitive damages against Defendants Linas and Murphy in their individual capacity, as well as any other relief this court deems just and appropriate.

### Jury Demand

Plaintiff Charles Hudson demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

                                                Respectfully submitted,

                                                By: s/Elizabeth A. Kaveny
                                                One of Plaintiff's Attorneys

Elizabeth A. Kaveny
Brian T. Monico
Burke Wise Morrissey Kaveny, LLC
161 N. Clark St., Ste. 3250
Chicago, IL 60601
eak@bwmklaw.com
P: 312-580-2040
F: 312-580-2041